UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mariese Marvin and Jeffrey Marvin,

                Plaintiffs,

                              Civ. No. 07-1743 (RHK/AJB)
                              **MEMORANDUM OPINION AND ORDER**

v.

Farmers Insurance Exchange,

                Defendant.

---

Brendan J. Cody, Daniel T. Cody, Cody Law Offices, St. Paul, Minnesota, for Plaintiffs.

Kathleen M. Loucks, Gislason & Hunter LLP, Minneapolis, Minnesota, for Defendant.

---

In this action, Plaintiffs seek a declaration that they are "insureds" under a personal-umbrella insurance policy issued by Defendant. Defendant now moves for summary judgment. For the reasons set forth below, the Court will grant Defendant's motion.

## BACKGROUND

The facts giving rise to this action are not in dispute and are largely set forth in Illinois Farmers Insurance Co. v. Marvin, 707 N.W.2d 747 (Minn. Ct. App. 2006). On May 2, 2001, Tonya Weigel drove her Ford Explorer to the house of her father, Joseph Betz. Plaintiff Mariese Marvin accompanied Weigel.[1] Upon arriving at Betz's house, Weigel

---

[1] Mariese Marvin and her husband Jeffrey Marvin are the named Plaintiffs in this action. However, because only Mariese Marvin was injured in the incident in question, hereinafter the Court refers to her (and only her) as "Marvin."

parked the Explorer in the driveway near the garage, and she and Marvin then began loading large toys into the Explorer's cargo area. As Marvin was sliding her body out of the cargo area onto the ground, Betz's car backed into the Explorer, crushing Marvin's legs between the bumpers of the two vehicles and causing her serious injuries.

Marvin then settled a claim she asserted against Betz, with Betz's insurer paying Marvin to the limit of Betz's liability coverage. That settlement, however, did not fully compensate Marvin for her injuries. Accordingly, she submitted a claim to Illinois Farmers Insurance Company ("IFIC"), the insurer of Weigel's Explorer, for "underinsured" motorist coverage.[2] IFIC disclaimed coverage and, later, commenced a state-court action seeking a declaration that it was not liable to Marvin. IFIC asserted that Marvin was ineligible for underinsured-motorist coverage under the policy it had issued to Weigel because Marvin was not an "occupant" of the Explorer at the time she was injured. The state court concluded that Marvin was indeed an occupant of the Explorer at the time of the accident and granted summary judgment in Marvin's favor. The Minnesota Court of Appeals affirmed.

Marvin's damages, however, apparently exceeded the limits of the underinsured-motorist coverage in the IFIC policy. Accordingly, on March 22, 2007, Marvin commenced the instant action in Minnesota state court against Farmers Insurance Exchange

---

[2] "Underinsured" motorist coverage provides benefits to a person injured in a motor-vehicle accident when the tortfeasor's liability insurance does not fully compensate the victim for her damages. See Minn. Stat. § 65B.49, subd. 4a.

("FIE"), which had issued a personal-umbrella insurance policy (the "Policy") to Weigel that was in force on the date of the accident.[3] The Policy provides up to $1 million in underinsured-motorist coverage above and beyond such coverage in Weigel's IFIC policy. Under the underinsured-motorist endorsement in the Policy, such benefits may be paid only to the policyholder (Weigel) and "any other insured under th[e] Policy." (Policy, Endorsement E011.)

FIE removed the action to this Court on April 2, 2007. It now moves for summary judgment, arguing that Marvin is not an "insured" under the Policy and, accordingly, that she is not entitled to underinsured-motorist benefits thereunder.

## STANDARD OF REVIEW

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Celotex, 477 U.S. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir.

---

[3] A copy of the Policy is attached to the Affidavit of Kathleen M. Loucks as Exhibit A.

1997).  The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

At the outset, it is important to note the unusual posture of this case.  This is *not* a case in which an umbrella-insurance policyholder (Weigel) seeks indemnification from her insurer because she has been found liable to a third-party (Marvin) in another lawsuit.  That is the typical situation in which an umbrella insurer is haled into court.  See 22 Britton D. Weimer, Clarance E. Hagglund & Andrew F. Whitman, Minnesota Practice – Insurance Law & Practice § 3.10 (3rd ed. 2001 & Supp. 2007) (noting that umbrella insurance is designed "to pay that part of any claim *against the insured* that exceeds the limits of the [insured's] underlying coverage") (emphasis added).[4]  Rather, in this case, Marvin – who is a third party to the Policy – has sued Weigel's insurer (FIE), not Weigel, claiming that she is entitled to underinsured-motorist benefits under the Policy because she is an "insured" thereunder.  (See Compl. ¶ 8.)  As noted above, the underinsured-motorist endorsement in the Policy provides benefits only to the policyholder (Weigel) and "any other insured under th[e] Policy."  (Policy, Endorsement E011.)  FIE argues that Marvin's claim fails because she does not fall within the Policy's definition of an "insured."  The Court agrees.

---

[4] Because the Court is not called upon to address whether FIE would be required to indemnify Weigel had Marvin sued Weigel directly and recovered damages, it expresses no opinion on that issue.

State law governs the interpretation of insurance policies. Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc., 346 F.3d 1160, 1164 (8th Cir. 2003). Under Minnesota law,[5] the construction of an insurance policy is a question of law for the Court. Watson v. United Servs. Auto. Ass'n, 566 N.W.2d 683, 688 (Minn. 1997). When an insurance policy's language is unambiguous, that language is interpreted "in accordance with its plain and ordinary meaning." Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 799 (Minn. 2004).

In the Court's view, the Policy's definition of who is an "insured" is clear and unambiguous, and simply does not include Marvin:

Insured means:

    a.    you and the following residents of your household except as respects autos . . . :

        (1)    your relatives; and
        (2)    any person under age 21 in the care of a person named above.

    b.    as respects autos . . . ,

        .   .   .

        (2)    you and any person in [sections] a(1) and (2) above, using autos (with a reasonable belief that they are entitled to do so) not owned by you or furnished for your regular use.

(Policy Part I, § 7.) The Policy is clear, therefore, that "insureds" include only (1) the policyholder, (2) relatives of the policyholder, and (3) persons under 21 in the care of the

---

[5] No party has argued that another state's law governs the Policy. Accordingly, Minnesota law applies. See BBSerCo, Inc. v. Metrix Co., 324 F.3d 955, 960 n.3 (8th Cir. 2003) (law of forum state applies by default where parties do not raise choice-of-law issue).

policyholder or the policyholder's relatives.  (Id. § 7(b)(2).)  There is no dispute here that Marvin does not fall into any of these categories.  Accordingly, she cannot be an "insured" under the Policy.[6]

Marvin argues that the Policy's definition of "insured" is ambiguous and should be construed against FIE, which drafted the Policy.  (Mem. in Opp'n at 5-6.)  Marvin's argument, however, focuses only on the portion of the definition of "insured" dealing with vehicles "not owned by you or furnished for your regular use."  For example, she asserts that "[t]here is absolutely no point to purchasing an umbrella policy which will only cover an insured in the odd and statistically unlikely event that they are in someone else's vehicle at the time of their injury."  (Mem. in Opp'n at 6; see also id. at 5 ("it is interesting that any person using a water craft is covered, . . . but if one is driving their own vehicle or occupying their own vehicle, according to this umbrella policy, they are not covered").)  The flaw in this argument is that it nowhere addresses the Policy's limitation on the *types of persons* who may be "insureds" thereunder.  Stated differently, even if Marvin were correct that the term "insured" must include a person operating his or her own vehicle, her claim would still fail because only the policyholder, a relative of the policyholder, or a person under 21 in the care of the policyholder (or the policyholder's relatives) can be an "insured" under the Policy, *regardless* of whether the vehicle in which she was traveling was owned by the policyholder when the injury occurred.  Because Marvin does not fall

---

[6] Nor is there any dispute that Marvin's husband, Jeffrey Marvin, also does not fall into one of these categories.

into any of these categories, she simply cannot be an "insured."

Marvin also argues that "the endorsement adding uninsured/underinsured motorist coverage would seem to directly conflict with the policy definition [of 'insured']. It basically indicates that any insured is covered for uninsured and underinsured as it relates to the umbrella. It is only logical to conclude that plaintiff would be covered as an insured as well for the umbrella policy coverage." (Id. at 5.) The Court fails to understand this argument or perceive any "conflict" between the definition of "insured" and the underinsured-motorist endorsement. Indeed, the endorsement appears to adopt and utilize the Policy's definition of "insured" when delineating who is entitled to underinsured-motorist coverage and who is not. (See Policy, Endorsement 011 ("this policy will provide Uninsured and/or Underinsured Motorist Coverage(s) payable to you *and any other insured under this policy*") (emphasis added).) Furthermore, in the Court's view it would not be "logical" for Marvin to expect coverage under the Policy, insofar as she neither obtained nor paid for the Policy.

At bottom, an insurance policy is ambiguous only if it is "susceptible to more than one interpretation based on its language alone." Hous. & Redevelopment Auth. of Chisholm v. Norman, 696 N.W.2d 329, 337 (Minn. 2005) (citations omitted). The mere fact that Marvin believes the Policy is ambiguous does not make it so. See Connect Commc'ns Corp. v. Sw. Bell Tel., L.P., 467 F.3d 703, 714 (8th Cir. 2006) (Bye, J., dissenting) (noting that a contract cannot be ambiguous merely because the parties dispute the meaning of the terms therein, since ambiguity would then "turn[] on the parties'

arguments rather than a contract's terms, thereby rendering *every* disputed contract ambiguous") (emphasis in original). Simply put, the language in the Policy limiting "insureds" to the policyholder, his or her relatives, and persons in the care thereof is not susceptible to more than one meaning.[7]

For these reasons, the Court concludes that Marvin is not an "insured" under the Policy and, accordingly, her claim (seeking a declaration that she is an "insured") fails as a matter of law.

---

[7] At oral argument, Marvin asserted for the first time that the Policy is a contract of adhesion and should be construed against FIE. Even if Marvin were correct, however, that would be an argument for *Weigel* to assert in a dispute with FIE over the terms of the Policy. Marvin, however, is an outsider to the Policy; she has no standing to challenge the reasonableness of the terms therein. See generally Baumgarten v. Milavetz, Gallop & Milavetz, P.A., No. C8-98-1822, 1999 WL 326164, at *4 (Minn. Ct. App. May 25, 1999) (citing with approval cases from foreign jurisdictions holding that third-party to insurance contract lacks standing to seek coverage determination under insurance policy).

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 6) is **GRANTED** and Plaintiffs' Complaint (attached to Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August  1 , 2007                                                    s/Richard H. Kyle
                                                                          RICHARD H. KYLE
                                                                          United States District Judge